UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNIVERSAL POLYGRAM INTERNATIONAL PUBLISHING INC., CHAPPELL-CO, INC., THE ROYALTY NETWORK, INC. d/b/a ROYNET MUSIC, and TOOLSHED MUSIC,<br><br>    Plaintiffs,<br><br>-against-<br><br>NORTH INN LIMITED and DEAN PAPPAS,<br><br>    Defendants. | Civil Action No. 17-cv-800 |

## COMPLAINT

Universal Polygram International Publishing Inc., Chappell-Co, Inc., The Royalty Network, Inc. d/b/a Roynet Music, and Toolshed Music ("Plaintiffs"), by their undersigned attorneys for their Complaint against North Inn Limited and Dean Pappas ("Defendants") allege as follows:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C.§ 1400(a).

3. Plaintiffs allege four (4) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

## THE PARTIES

4. The Plaintiffs named in Column 2* are the owners of the copyrights in the

---

* All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

original musical compositions listed in Column 3, and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

5. On information and belief, Defendant North Inn Limited ("North Inn") is a limited partnership organized under the laws of the state of Illinois with offices at 1315 West North Avenue, Chicago, Illinois 606420.

6. At all times hereinafter mentioned, North Inn did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Exit, located at 1315 West North Avenue, Chicago, Illinois 606420.

7. Musical compositions were and are publicly performed at Exit.

8. On information and belief, defendant Dean Pappas ("Pappas") is an individual who resides and/or does business in this District.

9. At all times hereinafter mentioned, Pappas was, and still is, a partner, officer, or director of North Inn.

10. At all times hereinafter mentioned, Pappas was, and still is, responsible for the control, management, operation and maintenance of the affairs of North Inn.

11. At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Exit, including the right and ability to supervise and control the public performance of musical compositions at Exit.

12. Each Defendant derives a direct financial benefit from the public performance of musical compositions at Exit.

**FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS**

13. The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the

original musical compositions listed in Column 3, and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

5. On information and belief, Defendant North Inn Limited ("North Inn") is a limited partnership organized under the laws of the state of Illinois with offices at 1315 West North Avenue, Chicago, Illinois 606420.

6. At all times hereinafter mentioned, North Inn did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Exit, located at 1315 West North Avenue, Chicago, Illinois 606420.

7. Musical compositions were and are publicly performed at Exit.

8. On information and belief, defendant Dean Pappas ("Pappas") is an individual who resides and/or does business in this District.

9. At all times hereinafter mentioned, Pappas was, and still is, a partner, officer, or director of North Inn.

10. At all times hereinafter mentioned, Pappas was, and still is, responsible for the control, management, operation and maintenance of the affairs of North Inn.

11. At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Exit, including the right and ability to supervise and control the public performance of musical compositions at Exit.

12. Each Defendant derives a direct financial benefit from the public performance of musical compositions at Exit.

**FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS**

13. The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the

public performance rights of its more than 600,000 songwriter, composer, and music publisher members.

14. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

15. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights. Defendants' knowledge and intent are established by the following facts:

(a) On January 1, 2009, Defendants entered into a license agreement with ASCAP.

(b) Defendants, however, failed to pay license fees as required by the license agreement, and on September 30, 2015, upon due notice, ASCAP terminated the agreement for default, based on non-payment.

(c) Despite repeated reminders of their liability under the United States Copyright Law, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at Exit, including the copyrighted works involved in this action, without permission, during the hours that the establishment is open to the public for business and presenting musical entertainment.

16. Since September 30, 2015, ASCAP representatives have made repeated attempts to contact the Defendants, or their representatives, agents, or employees, to offer to reinstate the ASCAP license for Exit, subject to Defendants' payment of outstanding license fees owed to ASCAP.

17. ASCAP's various communications gave Defendants notice that unlicensed performances of ASCAP's members' musical compositions at Exit constitute copyright infringement.

18. The original musical compositions listed in Column 3 were created and written

by the persons named in Column 4.

19. The compositions listed in column 3 were published on the dates stated in Column 5, and since the date of publication have been printed and published in conformity with Title 17 of the United States Code.

20. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

21. Defendants on the dates specified in Column 7, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by performing publicly the compositions at Exit, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

22. The public performances at Exit of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 7 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

23. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

24 The many unauthorized performances at Exit include the performances of the four (4) copyrighted musical compositions upon which this action is based.

25. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was an owner of the copyright in the composition therein named.

26. The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the

Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I. That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions -- or any of them -- and from causing or permitting the said compositions to be publicly performed at Exit, or at any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred And Fifty Dollars ($750) in each cause of action herein.

III. That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

IV. For such other and further relief as may be just and equitable.

Dated: Chicago, Illinois                       TOTTIS LAW
         January 31, 2017

                                            By: /s/ Monica L. Thompson, Esq.
                                                 Monica L. Thompson (ARDC No. 6181455)
                                                 mthompson@tottislaw.com
                                                 Kevin Tottis (ARDC No. 6193853)
                                                 ktottis@tottislaw.com
                                                 Rachel M. Vorbeck (ARDC No. 6238297)
                                                 rmvorbeck@tottislaw.com
                                                 One East Wacker Drive
                                                 Suite 1205
                                                 Chicago, IL 60601
                                                 Tel: (312) 527-1400
                                                 Fax: (312) 589-7192

                                                 *Attorneys for Plaintiffs*